**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROSALIND CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-cv-976-MTS |
| | ) | |
| COLLEEN SHOGAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Leave to File Amended Complaint.  Doc. [15].

On August 4, 2023, Plaintiff Rosalind Cross brought this action against Defendant David S.

Ferriero.  Colleen Shogan was subsequently substituted as the Defendant on October 16, 2023.

Doc. [8].  The Court then entered a Case Management Order ("CMO"), Doc. [12], on November

16, 2023, and later amended the CMO, Doc. [14], on January 9, 2024.  Under the Amended CMO,

any amendments to the pleadings were to be submitted by January 12, 2024, Doc. [14] ¶ 2, and on

January 12, 2024, Plaintiff requested leave to file an Amended Complaint.  For the reasons that

follow, the Court will deny leave to amend.

**I.      Background**

Plaintiff Rosalind Cross ("Plaintiff" or "Cross") is a former employee of the National

Archives and Records Administration ("NARA" or "the Agency") in St. Louis County, Missouri,

where she worked in National Personnel Records Center-Military Personnel Records ("NPRC-

MPR").  Doc. [1-1] ¶¶ 1-2.  Plaintiff worked as part of the Management System Staff for the

NPRC-MPR, and served as a Management Analyst under supervisor, Defendant Jason Hardy.  *Id.*

¶¶ 4-5.

According to Plaintiff's Preliminary Statement, Doc. [1-1], on January 9, 2018, Plaintiff contacted the Equal Employment Opportunity ("EEO") Office of the NARA with a complaint, and later, Plaintiff filed a formal EEO Retaliation Complaint ("the Formal Complaint") on February 22, 2018. *Id.* ¶¶ 19-20. In her Formal Complaint of Discrimination, Plaintiff alleged that she filed the complaint on the basis of reprisal for prior EEO activity. Doc. [1-2] at 24. In her description of the incident, Plaintiff alleged that the "Agency has developed a retaliation and harassment pattern; by using disparate, humiliating," and other "tactics" to interfere with Plaintiff's work performance. Doc. [1-2] at 25. Additionally, Plaintiff claimed that the Agency was "using [Plaintiff's] performance appraisals as a preface[] for Harassment, Disparate Treatment, Discrimination and Retaliation," which led to an increase in Plaintiff's workload but decrease in performance appraisal. *Id.* Following the Formal Complaint, Plaintiff's summary rating was reduced to "Minimal Successful," and Plaintiff was provided with a Report of Investigation ("ROI"). Doc. [1-1] ¶¶ 21, 25. Almost two years later, the Equal Employment Opportunity Commission ("EEOC") Administrative Judge issued a Decision and Order granting the Agency's Motion for Summary Judgment. *Id.* ¶ 36. Plaintiff's subsequent appeal and Request for Reconsideration were both fruitless. *Id.* ¶¶ 41-46.

In the EEOC's Decision on Request for Reconsideration, the EEOC noted that Plaintiff's initial EEO Complaint alleged discrimination "in reprisal for prior protected EEO activity," and resulted from (1) Plaintiff allegedly being subjected to a "Fully Successful" rating in her performance appraisal for the time period of October 2016 to September 2017, and the following year Plaintiff received a summary rating below "Fully Successful." Doc. [1-3] at 1-2. The EEOC Administrative Judge then awarded summary judgment to the Agency finding Plaintiff was "not subjected to reprisal as alleged," a decision that was adopted by the Agency and affirmed in the appellate decision. *Id.* at 2. On reconsideration, the EEOC "found no basis to disturb the

2

Commission's prior decision," and determined the arguments raised by Plaintiff were proper only for an appeal. *Id.* This decision exhausted the administrative appeal availability for Plaintiff and opened the right to file a civil action in this Court. *Id.* As is her right, Plaintiff now brings suit.

## II.     Discussion

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of course within 21 days of serving the pleading or within 21 days after service of a responsive pleading or Rule 12(b), (e), or (f) motion. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the rule directs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Denial of leave to amend pleadings is appropriate only in limited circumstances, such as where "undue delay, bad faith . . ., futility of the amendment, or unfair prejudice . . . can be demonstrated." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoting *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001)).

"Under Title VII, plaintiffs must follow administrative procedures and exhaust administrative remedies by timely filing a charge of discrimination with the EEOC before filing suit in federal court." *See Hamilton v. Enter. Rent-A-Car*, 4:04-cv-802-CAS, 2005 WL 8176817, at *2 (E.D. Mo. Jan. 12, 2005) (quoting 42 U.S.C. § 2000e-5(e)(1)); *see also Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). To exhaust administrative remedies, "the claimant is required to demonstrate good faith participation in the administrative process" by making specific charges and providing the requisite information to the charge. *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999). The Eighth Circuit has also stated that, when reviewing for exhaustion, "courts should not use Title VII's administrative procedures as a trap for unwary *pro se* civil-rights plaintiffs," and when applicable, should "construe civil-rights and discrimination claims charitably." *See Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir. 1996).

Here, Plaintiff's initial Complaint cited "retaliation" as the nature of the case because of her "prior EEO complaints." Doc. [1] ¶¶ 10-11. However, in her proposed Amended Complaint, Plaintiff attempts to include an additional theory: race discrimination. Doc. [15-1] ¶ 11. Attached to Plaintiff's Complaint is the EEOC's right-to-sue letter, Doc. [1-3]. In the letter, the EEOC noted that Plaintiff filed a "formal EEO Complaint alleging that [NARA] discriminated against her in reprisal for prior protected EEO activity," and ultimately, determined Plaintiff "was not subjected to reprisal as alleged." *Id.* at 1-2. The letter contains no reference to race discrimination.

Plaintiff also included her Formal Complaint with the EEOC as an exhibit to her Complaint. *See* Doc. [1-2] at 24-28. In the Formal Complaint, despite the form containing an option for "race" as the basis for the complaint, Plaintiff only selected "reprisal." Doc. [1-2] at 24. Instead, when discussing the Agency behavior in more detail, she discusses ratings, appraisals, and compensation but notably fails to mention race. *Id.* at 26. Plaintiff does reference "disparate treatment" as a basis for her lowered Annual Performance Appraisal but does not include race specifically within the Formal Complaint. *Id.* at 24-28. This is insufficient to provide notice of a charge of racial discrimination. *Brown v. Gen. Motors, LLC*, 4:20-cv-1760-RLW, 2022 WL 343415, at *3 (E.D. Mo. Feb. 3, 2022) (explaining that sufficient notice was not provided with "a reference to 'stress at work'" without more detail).

Plaintiff contends that the "'Race' box was checked" but "became blank after submission" and that her complaint was actually for race discrimination and retaliation. Doc. [19] at 2. Plaintiff does include brief references to race in her Preliminary Statement and Notice of Retaliation,[1] Doc.

---

[1] Plaintiff references that "[n]o NPRC, African American, Management Analyst has been competitively promoted from 1989 prior to this Complaint." Doc. [1-1] ¶ 8. Plaintiff also stated that "'your race' [was] the reason given to [her] for why [she] could not re-locate to sit with [her] team members." *Id.* ¶ 58. Additionally, within her Notice of Retaliation, Plaintiff stated "[i]f their appraisals are not equal to or less than [her] appraisal; then [she] would consider NPRC to be RETALIATORS and RACIST." Doc. [1-2] at 10.

[1-1] ¶¶ 8, 58; Doc. [1-2] at 10, but the charge alleged within the Statement cites only retaliation.[2] *See* Doc. [1-1] at 8.  "While the Court must construe [a plaintiff's] EEOC charge liberally, it will not invent a claim that simply was not made." *See Brown*, 2022 WL 343415, at \*3; *see also Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).

Ultimately, "[c]laims of discrimination raised in a judicial complaint that were not previously raised in an EEOC charge, or are not 'like or reasonably related to' such EEOC claims, are deemed not to be exhausted and are thus barred from judicial review." *See Vahey v. Safe Env't Bus. Sols.*, 4:16-cv-2149-NCC, 2018 WL 11487390, at \*4 (E.D. Mo. Apr. 25, 2018) (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)).  And "it is well established that retaliation claims are not related to underlying discrimination claims." *See Slayden v. Ctr. for Behav. Med.*, 533 F.4th 464, 468 (8th Cir. 2022).  Therefore, amendment is futile because Plaintiff has failed to exhaust her administrative remedies related to a race discrimination claim.  As such, the Court will deny Plaintiff's Motion.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, Doc. [15], is **DENIED**.

Dated this 9th day of May 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] Specifically, Count I of the Preliminary Statement expressly states, "Under the EEOC guidelines, retaliation can be displayed by: the Agency not adhering to administrative policies, task-related conflicts, giving discriminating performance evaluations, and making the person's work more difficult, in order to punish, deter and discourage a EEO retaliation complaint."  Doc. [1-1] at 8.